RAMIREZ, J.
Virginia Fuentes appeals an adverse summary judgment in her medical malpractice action against Richard Spirer, M.D. The motion was granted after the trial court struck the affidavit of William Fallon, M.D., Fuentes’ standard of care expert, because Dr. Fallon was not a similar health care provider pursuant to section 766.102, Florida Statutes (1995). Because we disagree with that determination, we reverse.
Fuentes’ husband was involved in a collision on the Palmetto Expressway and was taken to Palmetto General Hospital for treatment for his exposure to harmful chemicals. When emergency service personnel contacted Dr. Spirer, the emergency room physician at the hospital, they were told to bring Mr. Fuentes into his emergency room. Mr. Fuentes died a few hours later from congestive heart failure secondary to chemical exposure. Palmetto General’s emergency room allegedly lacked a trauma facility equipped to treat Mr. Fuentes’ injuries.
In her medical malpractice lawsuit against Dr. Spirer, Dr. Fallon, a critical care and trauma specialist, was Fuentes’ expert medical witness. In his deposition, Dr. Fallon stated that Dr. Spirer’s treatment of Mr. Fuentes fell below the acceptable level of standard of care, and concluded that if Dr. Spirer had made the decision to send Mr. Fuentes to a better equipped trauma center, it would have been more *1082 probable than not that Mr. Fuentes would have survived his injuries.
The trial court granted Dr. Spirer’s motion for summary judgment, finding that Fuentes failed to produce admissible expert testimony, based on section 766.102(6)(a), and, thus, there was no issue of material fact. The trial court accepted Dr. Spirer’s argument that Dr. Fallon did not qualify as a proper expert witness under the statute because he was not an emergency room physician. The statute, however, does not require that the standard of care expert against an emergency room physician also be an emergency room physician. Section 766.102(6)(a) states in pertinent part:
In any action for damages involving a claim of negligence against a physician ... providing emergency medical services in a hospital emergency department, the court shall admit expert medical testimony only from physicians, osteopathic physicians, podiatrists, and chiropractors who have had substantial professional experience within the preceding 5 years while assigned to provide emergency medical services in a hospital emergency department.
(Emphasis supplied). Section 766.102(6)(b) defines “emergency medical services” as “those medical services required for the immediate diagnosis and treatment of medical conditions which, if not immediately diagnosed and treated, could lead to serious physical or mental disability or death.”
Dr. Fallon satisfies these statutory requirements. He is a critical care and trauma specialist who heads a trauma center in Ohio. He has worked well in excess of the last five years in the emergency department of that hospital. Dr. Fallon testified that he works on a daily basis in an emergency department run by an academic faculty who take care of both trauma and non-trauma patients. He is intimately involved in the care of emergency room trauma patients, which constitute 15% of the emergency room visits. He responds to every trauma case that comes in and coordinates the emergency medicine faculty and trauma faculty. In addition, Dr. Fallon wrote the triage policy that is followed by the emergency room personnel in his hospital.
Dr. Spirer relies heavily on two California cases, Sigala v. Goldfarb, 222 Cal. App.3d 1450, 266 Cal.Rptr. 96 (1990) and Miranda v. National Emergency Servs., Inc., 35 Cal.App.4th 894, 41 Cal.Rptr.2d 593 (1995). In Sígala, the plaintiff conceded that the expert lacked substantial recent professional emergency experience under the plain meaning of the statute. In Miranda, the expert served as a consultant to an emergency room twice a month, and had, during every week for the previous five years, been in the emergency room as a consulting orthopedic physician. Miranda presents an example of exactly the type of expert testimony which section 766.102 is designed to prevent: an ill-informed “opinion” that the care given by an emergency room physician fell below the standard of care which could have been provided by a specialist in the particular field acting under nonemergency conditions.
For the above stated reasons, we find that Dr. Fallon’s qualifications satisfy the statutory requirements of section 766.102(6)(a), and that, by presenting Dr. Fallon’s opinion, Fuentes produced admissible expert testimony in support of her claim. Therefore, the trial court erred in granting final summary judgment in favor of Dr. Spirer.
Reversed and remanded.